WILLIAM I. CREVELING v. ISAAC DE HART ET AL.

A plea setting up that the lessee had assigned his lease and that the lessor had received rent from the assignee and had accepted him as tenant, does not show a bar to an action of covenant for rent against the original tenant.    To raise such a defence the essential averment is, that the assignee was substituted in the place of the original lessee with the intent, on the part of the parties to the demise, to annul its obligations; in fine, a surrender in law.

---

On demurrer to pleas.

The action is covenant for non-payment of rent.

The fifth plea, which is the one demurred to, stated that the defendants "entered into negotiations" with a third party, the West End Iron Company, and notified the plaintiff, who encouraged the defendants to sell and assign their lease to the third parties aforesaid, and thereupon they duly assigned and conveyed the same to the West End Iron Company, who entered upon the demised premises and was duly accepted by the plaintiff as his tenant, who collected rent from said assignee and recovered a judgment for rent which thereafter fell due.

Argued at June Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the plaintiff, *Henry A. Fluck.*

For the defendants, *Martin Wyckoff.*

The opinion of the court was delivered by

GARRISON, J.   If the plea which has been demurred to states a surrender in law, it is good, upon the authority of *Hunt* v. *Gardner,* 10 *Vroom* 530.   That case is also authority for the statement, that a plea setting up that the lessee had assigned his lease and that the lessor had received rent from the assignee and had accepted him as tenant, does not show a bar to an action of covenant for rent on the lease against the original tenant. ·

The infirmity in the plea in that case was, that it contained no averment that the assignee was substituted in the place of the original lessee with the intent on the part of the parties to the demise to annul its obligations.   The facts then before the court, and the line of reasoning pursued, make that case not only a controlling but a satisfactory authority in the present instance.

The facts set up in the plea now demurred to do not go beyond those passed upon in Hunt *v.* Gardner.   That the plaintiffs encouraged the defendants, or offered to take the third party instead of the defendants, does not obviate the necessity of an allegation that the assignee was substituted with intent to annul the original letting, nor does the subsequent action of the plaintiff in bringing suit against the assignee have such an effect.   If the issue had been joined upon a plea setting up a surrender in law, these circumstances would be certainly competent, and, perhaps, persuasive proof of the intention of the parties as evinced by their conduct; but the statement, in a pleading of facts tending to prove a defence in law, cannot be permitted to take the place of a

distinct averment of either the legal effect of the facts offered, or, if the plea is to be argumentative in form, of such a collocation of the facts that their legal effect shall appear upon the record by way of necessary conclusion.

In the present case, the plaintiff may with safety admit both the inducement to the transfer of the lease, and also his relations to the new tenant after his entrance upon the premises, without settling or even raising the question as to whether the original obligation had been abrogated.    The facts thus put forward would be conclusive against the landlord's right to maintain an action resting in privity of estate—such as debt for rent—but the action arising from privity of covenant can be destroyed only by conduct competent to prove a mutual intention to that end ; and such proof cannot follow until the way is prepared by an issue framed upon an averment from which such mutual intent is a lawful inference.    Such an averment is not made in the plea demurred to.

There is nothing in the sixth plea to call for the application of any different rule.    The demurrer will, therefore, be sustained, with costs.