FREDERIC M. PAYNE, PLAINTIFF, APPELLEE, v. WARREN S. HALL, DEFENDANT, APPELLANT.

Submitted July 7, 1911—Decided February 29, 1912.

1. To constitute a surrender of premises, by a lessee, by act and operation of law it is essential that there be conduct competent to prove mutual intention to that end.

2. When the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law.

3. The lease contained a provision authorizing the landlord or his agent to enter the premises, as the agent of the tenant, in the event of the premises becoming vacated or deserted by the tenant during the term of said lease, and to relet the same; the mere naked fact that the landlord increased the rent of $39 a month stipulated for in the lease to $42 a month for the unexpired term thereof, to be paid by any new tenant is not such a circumstance, in itself, from or on which the trial court was legally bound to infer or find that there was a surrender by act and operation of law.

On appeal from the East Orange District Court.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the appellant, *Frank Benjamin.*

For the appellee, *Frederic M. Payne.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from the East Orange District Court, sitting without a jury. The plaintiff recovered a judgment against the defendant for rent for the months of June, July and August, 1910.

The state of the case discloses the following facts: One Herbert Rawson leased, in writing, a certain apartment to the defendant for a period of seven months from March 1st, 1909, at $39 a month. On the 29th of July, 1909, Rawson assigned the lease to the plaintiff, to whom the defendant attorned. The lease, among other things, provided: "In case said premises shall be deserted or vacated, the lessor, his assigns, agent or attorney, shall have the right to enter the same as the agent of the lessee, either by force or otherwise, * * * and to relet said premises as the agent of the lessee and to receive the rent therefor," &c.

After the term of the lease expired the defendant held over without any new agreement, paying the same rent as originally stipulated. On May 4th, 1910, the defendant gave a written notice to the plaintiff's agent that he would give up the apartment on May 31st, 1910. The defendant vacated the apartment pursuant to the notice given. This notice of the intention of the defendant to quit the premises was not brought to the attention of the plaintiff until the latter part of May, when he was informed by his agent that such a notice had been given, whereupon the plaintiff instructed his agent to relet the apartment at $42 a month.

The agent succeeded in reletting the apartment on the 1st of September, 1910, to a new tenant, who then moved in, and who has occupied it ever since. The defendant testified that the keys to the apartment were handed to the janitor on the day that he moved, but the plaintiff denied this, and further testified that if the keys were delivered to the janitor, they were never delivered to him, the plaintiff, and that the janitor had no authority to receive the keys. The plaintiff also testified that after the defendant quit the apartment he made frequent demands upon the defendant for rent. It was vir-

tually conceded that the notice to quit was not sufficient in law to terminate the tenancy.

When the plaintiff rested his case defendant moved for a nonsuit on the ground that there was a written redemise and acceptance of the same by the plaintiff. The state of the case fails to show any redemise of the apartment prior to September 1st, 1910, and therefore the defendant was not exonerated thereby from paying rent for the three months during which the apartment was without a tenant.

The refusal to nonsuit on the ground advanced by the defendant was properly exercised. At the close of the case defendant moved for a finding in his favor on these grounds:

*First.* That there had been a redemise and acceptance.

*Second.* That there had been a surrender by operation of law.

*Third.* That there had been a surrender and acceptance according to the terms of the written lease under the terms of which the defendant continued to occupy the apartment.

This motion was also denied and the court committed no error in law in this.

These three grounds presented to the court as the basis for a finding by the court in defendant's favor involve practically a single proposition to the effect that from the facts of the case, which include the terms of the written lease, the court should find that there was a surrender in fact of the apartment by the tenant to the landlord and an acceptance of such surrender by the landlord, and that the acts done by the tenant and landlord were equivalent to a surrender by act and operation of law.

By virtue of the clause in the lease above recited, when the apartment became vacated or deserted by the tenant the landlord or his agent was authorized to re-enter the same and to relet it. The mere fact that the landlord increased the rental thereof from $39 to $42 a month might well have been due to the landlord's desire to reimburse himself for the expense he would be put to in his efforts to relet the apartment and was practically for the benefit of the tenant who, under another clause of the lease, was answerable to the landlord for such ex-

pense as might be reasonably incurred in finding another tenant. I do not find anything in the terms of the lease which obligated the landlord to rent the apartment at the same rent paid by the outgoing tenant. It does not seem consonant with good reason and sound sense to hold that where a landlord lets premises to a tenant and the tenant deserts or vacates them, before the term of the lease has expired, that the landlord must relet at the rent stipulated for in the lease, even though they had been originally let at a very low figure and the rental value thereof had much increased since the original letting. It was not contended for by the appellant that the increase in the rent was unreasonable or prevented the landlord from sooner finding a tenant for the apartment or that it was done in bad faith and for the purpose of keeping the apartment without a tenant.

The insistence on the part of the appellant is, that the increase in the rent was a circumstance from which the court should have concluded that there was an acceptance of the apartment by the landlord. If this proposition be sound, then where a tenant deserts or vacates premises one or two months before the term of his lease expired, he could equally insist, with some show of reason, that the authority of the landlord to relet the premises being confined to the unexpired term of the lease, therefore, if he endeavored to let the premises beyond the term of one or two months, it would constitute a surrender of them by the tenant and an acceptance of them by the landlord. This would practically prevent the landlord from letting unexpired terms of deserted or vacated premises, because it would be necessary to find a person who would be willing to become a tenant solely for an unexpired term, no matter how short, in order to avoid a surrender by operation of law.

In treating of "surrender," the distinction between privity of estate and privity of contract must be kept in view, since it was said in *Creveling* v. *De Hart*, 25 *Vroom* 338: "The facts thus put forward would be conclusive against the landlord's right to maintain an action resting in privity of estate—such as debt for rent—but the action arising from privity of cove-

nant can be destroyed only by conduct competent to prove a mutual intention to that end." *Hunt* v. *Gardner*, 10 *Id.* 530; *Wallace* v. *Kennelly*, 18 *Id.* 242; *Decker* v. *Hartshorn*, 31 *Id.* 548.

The essential elements of a surrender by operation of law are utterly lacking here. It is only "when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law." *Meeker* v. *Spalsburg*, 37 *Vroom* 60; *Jones* v. *Rushmore*, 38 *Id.* 157; *Miller* v. *Dennis*, 39 *Id.* 320; *Sypherd* v. *Myers*, 51 *Vroom* 321.

There is testimony which supports the finding of the court upon the facts and such finding has been repeatedly held not to be reviewable.

Judgment will be affirmed.